| | |
|---|---|
| **POTTER HANDY LLP**<br>Mark D. Potter (SBN 166317)<br>mark@potterhandy.com<br>James M. Treglio (SBN 228077)<br>jimt@potterhandy.com<br>100 Pine St., Ste 1250,<br>San Francisco, CA 94111<br>(858) 375-7385<br>Fax: (888) 422-5191<br><br>*Attorneys for Plaintiffs Christopher Newton, Christa Vital, Scott Schutza, on behalf of themselves and all others similarly situated* | **COOLEY LLP**<br>Benedict Y. Hur (SBN 224018)<br>bhur@cooley.com<br>Simona A. Agnolucci (SBN 246943)<br>sagnolucci@willkie.com<br>Eduardo E. Santacana (SBN 281668)<br>esantacana@cooley.com<br>Joshua D. Anderson (SBN 312836)<br>joshua.anderson@cooley.com<br>Isabella McKinley Corbo (SBN 346226)<br>icorbo@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br>*Attorneys for Defendant*<br>*GOOGLE LLC* |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER NEWTON, CHRISTA VITAL, SCOTT SCHUTZA on behalf of themselves and all others similarly situated, ,<br><br>Plaintiff<br><br>v.<br><br>GOOGLE LLC, a Delaware Limited Liability Company,<br><br>Defendant | CASE NO.: 3:25-cv-00570-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br><u>**CLASS ACTION**</u><br><br>Removed from Alameda Superior Court Case No. 24CV073453<br><br>Trial Date: Not set<br>Current Action Filed: April 29, 2024<br>Removal Filed: June 14, 2024 |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California (eff. Jan. 17, 2023), Plaintiffs Christopher Newton, Christa Vital, and Scott Schutza ("Plaintiffs") and Defendant Google LLC ("Google") (collectively, "the Parties"), through their respective counsel, hereby submit the

following Joint Case Management Statement and Rule 26(f) Report for the July 25, 2025 Case Management Conference before the Honorable Vince Chhabria. On July 10, 2025, the Parties met and conferred regarding the topics set forth in Rule 26(f), the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, the Northern District of California's Guidelines for the Discovery of Electronically Stored Information, the Standing Order for All Judges of the Northern District of California, and this Court's Case Management Conference Order. In the interests of efficiency, the meet and confer was held concurrently with the Plaintiffs in the *Doe I v. Google* (3:23-cv-02431-VC) matter with which this matter has been related.

## I.     JURISDICTION AND SERVICE

The Parties agree that no issues exist regarding personal jurisdiction or venue. Google was formally served with the First Amended Complaint ("FAC") on June 18, 2024, prior to the claims against Google being severed from *Newton et al v. Kaiser Foundation Health Plan, Inc., et al*, No. 3:24-cv-03625-EMC (the "Pre-Severance Action"), referred to Judge Chhabria, and related to *John Doe I, et al. v. Google LLC*, No. 3:23-cv-02431-VC (the "*Doe I* Action"). *See* Dkt. 3 (Order Relating Cases). There are no other defendants in this action.

The FAC was removed to this Court from Alameda County Superior Court pursuant to 28 U.S.C. § 1332(d), 1441(b) and 1446. *See* Dkt. 1 (Notice of Removal from Alameda County Superior Court). That removal notice alleged that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) as this is a putative class action in which the amount in controversy exceeds the sum or value of $5,000,000 and at least one member of the putative class is a citizen of a state different from the Defendant. *Id*. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' state and common law claims.

## II.     STATEMENT OF THE CASE

**Plaintiffs' Statement:**

This case is about Google's wrongful collection, retention, and use of health data and other private information obtained through surreptitious technology ("Tracking Technology")

incorporated into the website owned and operated by Kaiser Permanente ("Kaiser"). The Google Source Code was designed to intercept Kaiser users' web activities and to ensure Google would receive identifiable health data if implemented on Kaiser's web properties. Google specifically marketed the Google Source Code to healthcare providers, including Kaiser, in order to acquire more health data for use in "people-based" modeling, and advertising systems.

The health data Google intercepted includes information relating to Kaiser patients' medical services and upcoming procedures, information about specific medical providers, information showing when patients logged in to their patient portals, as well as patients' health record information. Google intercepted this sensitive data along with unique identifiers that can personally identify each patient, including Plaintiffs. Google did all this without patients' consent, as it neither revealed its practices to healthcare providers, including Kaiser, nor provided any disclosure about them in its terms of service or privacy policies.

**Google's Statement:**

Website developers, including developers of online healthcare websites, use a variety of analytics tools to analyze users' experiences on their properties. Their use is widely understood, dutifully disclosed, and regularly consented-to by users. This District has repeatedly recognized that developers have the right to employ such analytics tools, and that the providers of those analytics tools are mere vendors or service providers to the developer.

Google Analytics (GA), one such tool, is used by millions of websites and apps across the world. It provides developers with critical insights on web and app usage and user engagement so that developers can improve their products.

Plaintiffs allege that websites operated by the Kaiser Foundation Health Plan, Inc. ("KFHP") disclosed users' sensitive user health information to Google through the use of GA. Plaintiffs allege that KFHP chose to embed on its websites certain Google code, that this code intercepted health data that Plaintiffs and proposed class members input on KFHP's websites, and that this health data was then transmitted to Google.

Google denies all of Plaintiffs' claims and allegations that Google disclosed, intercepted, and/or used Plaintiffs' sensitive health data in violation of statutory and/or common laws. Google will present further views regarding the relevant facts and disputed factual issues at a later date.

### III.    LEGAL ISSUES

**Plaintiffs' Statement:**

Plaintiffs anticipate at least the following issues of law will be disputed in this action:

- Whether Google violated Plaintiffs' and Class members' privacy rights;
- Whether Google's acts and practices constitute common law invasion of privacy;
- Whether Google was unjustly enriched;
- Whether Google's acts and practices violated the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*;
- Whether Google's acts and practices violated the Wiretap Act, 18 U.S.C. § 2511, *et seq.*;
- Whether Google breached its contract with Plaintiffs and Class members;
- Whether Plaintiffs and the Class members are entitled to equitable relief, including, but not limited to, injunctive relief, restitution, and disgorgement; and
- Whether Plaintiffs and the Class are entitled to actual, statutory, punitive or other forms of damages, and other monetary relief.

Key issues include: (1) whether Google's statements were misleading; (2) injury to Plaintiffs and class members; (3) class certification under Rule 23; and (4) applicability of Google's affirmative defenses.

Plaintiffs oppose a stay of this matter but would not oppose consolidation with the *Doe I* Action. Plaintiffs' original complaint was filed over one year ago on April 29, 2024, and Plaintiffs seeks to avoid any further delay. Further, Plaintiffs believe that the Court can enter orders to effectively manage both matters. Unneccesary and duplicative discovery can be avoided if the Court enters an order allowing the parties in the instant action and the *Doe I* action to share discovery. Additionally, Plaintiffs' proposed scheduled offers dates which trail those in

1  the *Doe I* action, which Plaintiff believes will streamline the matters overall. For example, if the
2  Court grants class certification in the *Doe I* action, then the instant matter will also be ready for
3  class certification within the next two to three months. On the other hand, if the case were stayed,
4  the matter would have to be reopend and continue for another several months to complete
5  discovery. Therefore, Plaintiffs' position is that a coordinated and streamlined effort would be
6  more efficient than a stay for the parties and for the Court.

7       **Google's Statement:**

8       Google denies that it has violated any laws, denies that Plaintiffs have stated a claim in
9  the FAC under any legal theory, and denies that Plaintiffs may pursue claims on behalf of any
10 putative class. As discussed further herein, Plaintiffs plan to file an amended complaint by
11 August 15, 2025. *See* Dkt. 18 (Order granting Dkt. 16, Stipulation to Amend Complaint and Set
12 Briefing Schedule). This forthcoming amended complaint may alter the legal issues in this
13 action. Indeed, the legal issues raised above by Plaintiffs *do not* contain two causes of action
14 raised in Plaintiffs' FAC (the Confidentiality of Medical Information Act (CMIA), Civil Code §
15 56, *et seq*.; and the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200,
16 *et seq*.), but *do include* three new ones (1) unjust enrichment, (2) the Wiretap Act, 18 U.S.C. §
17 2511, *et seq*.; and (3) breach of contract. These newly raised issues are identical to the legal
18 issues cited by Plaintiffs in the *Doe I* Action, in which a Joint CMC Statement was submitted on
19 July 18, 2025. *See Doe I* Action Dkt. 209.

20      As discussed further herein, it is Google's position that this action should be dismissed,
21 or consolidated with the *Doe I* Action. The fact that the legal issues now raised by Plaintiffs—
22 which presumably will be alleged in their forthcoming SAC—are indistinguishable from those
23 raised in the *Doe I* Action supports Google's position on consolidation, and Plaintiffs' counsel
24 has indicated they are open to consolidation. Alternatively, if the Court does not deem dismissal
25 or consolidation appropriate, Google does not oppose a stay of the instant action. However,
26 without the benefit of Plaintiffs' amended pleading, Google is unable to fully evaluate the issues
27 and allegations that Plaintiffs are raising against Google.

28

1 In addition to any issues and allegations that will be raised in Plaintiffs' forthcoming SAC, the primary legal issues at this stage, based on Plaintiffs' FAC, include:

1. Whether Plaintiffs consented to the conduct alleged in the FAC.
2. Whether Plaintiffs' claims are barred by the applicable statutes of limitations
3. Whether the instant matter should be consolidated with the *Doe I* Action.
4. Whether a stay of this action is appropriate, pending adjudication of or class certification proceedings in the *Doe I* Action. *See* July 17, 2025 Order (ordering the parties to discuss this issue in this case management statement).

## IV. MOTIONS

**Prior and Pending Motions:**

As of the date of this filing, the Court has issued an order relating the instant action to the *Doe I* Action. *See* Dkt. 3. The Court has also ruled on Google's motion to substitute law firms. *See* Dkt. 12. There are no motions currently pending in this action.

**Anticipated Motions—Plaintiffs:**

Plaintiffs anticipate a class certification motion after class discovery in accordance with the schedule set by the Court. Plaintiffs also expect the Parties to file motions for summary judgment. Although it is too early to identify the specific issues, Plaintiffs may seek summary judgment on certain elements of their claims or Google's defenses.

**Anticipated Motions—Google:**

As discussed further herein, the Parties have stipulated that Plaintiff may file an amended complaint by August 15, 2025. *See* Dkt. 16 (Stipulation to Amend Complaint); *see also* Dkt. 18 (Order granting Dkt. 16). Google, however, believes it is more appropriate to either dismiss this action, or consolidate this action with *Doe I* and, absent a stipulation from Plaintiffs, Google intends to move for consolidation. Plaintiffs have indicated that they do not oppose consolidation.

Google notes that Plaintiffs' existing complaint already falls within the scope of the consolidated *Doe I* Action, and the forthcoming SAC apparently plans to raise claims identical to those at issue in the *Doe I* Action. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a

1  common question of law or fact, the court may ... consolidate the actions."); *Invs. Rsch. Co. v.*
2  *U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court
3  has broad discretion under this rule to consolidate cases pending in the same district.").

4        Specifically, Plaintiffs' allegations against Google in the FAC raise many of the same
5  claims already at issue in the *Doe I* Action—namely, CIPA, Cal. Penal Code §§ 631 and 632; and
6  Intrusion Upon Seclusion. And Plaintiffs' factual allegations in the FAC are substantially the
7  same as those in the *Doe I* Action, where the operative complaint alleges that this same type of
8  GA code, embedded in the same websites of the same health care provider at issue here (namely,
9  KFHP), intercepted sensitive health information and transmitted that information to Google. *See*
10 *Doe I* Action, Dkt. 86 at 2, ¶ 5. As noted above, Plaintiffs' forthcoming SAC apparently plans to
11 raise claims identical to those at issue in the *Doe I* Action, meaning that the daylight between the
12 two matters will be virtually nonexistent. And further supporting consolidation, the proposed
13 class in the *Doe I* Action subsumes the proposed class in the instant case:

> ***Doe I* Action Proposed Class.** "All persons in the United States and its territories whose Health Information was obtained by Google from their Health Care Provider." *See Doe I*, Dkt. 86 at 131 ¶ 376.
>
> ***Newton* Proposed Class.** "All natural persons in the United States who used the Kaiser Platform and whose communications and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024." *See* Dkt. 1 at 49 ¶ 3.

19       Dismissing this action or consolidating these cases will serve judicial economy by
20 simplifying these proceedings and avoiding the need for the Court to address the same issues
21 more than once. Google respectfully requests that the Court allow it to address the issue of
22 dismissal or consolidation at the CMC.
23       Should Plaintiffs file an amended complaint, and absent (1) dismissal or (2) consolidation
24 and/or a stay, Google will likely file a motion to dismiss and, eventually, a motion for summary
25 judgment.

## V.     AMENDMENT OF PLEADINGS

The Parties filed a joint stipulation and proposed order on July 9, 2025, seeking the Court's approval for Plaintiffs to file a Second Amended Complaint ("SAC") by August 15, 2025. *See* Dkt. 16. The Court granted this stipulation on July 18, 2025. *See* Dkt. 18. As detailed in the joint stipulation, this amendment will streamline the proceedings, as the operative FAC, which has not been amended following the severance of Plaintiffs' claims against Google, contains allegations that do not apply to Google. *Id*. A SAC will clarify Plaintiffs allegations against Google and promote efficiency for the Court and for the Parties. *Id*. Google's deadline to answer or otherwise respond to the SAC shall be 45 days after the SAC is filed. *Id*.

## VI.     EVIDENCE PRESERVATION

The Parties and their counsel have reviewed the Northern District's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preservation of relevant ESI.

The Parties' positions with regard to preservation are summarized below.

**Plaintiffs' Statement:**

Plaintiff requests that Google agree to preservation of data its Tracking Technology obtained from Kaiser. Plaintiffs also request Google preserve logs reflecting analytics performed or advertisements served based on this information. This included specific logs, from specific Google systems known to be relevant to the allegations in the Complaint.

**Google's Statement:**

Google is aware of and has taken significant steps to comply with its evidence-preservation obligations under the Federal Rules of Civil Procedure, including the rules governing electronic discovery. Specifically, Google has already undertaken reasonable and proportionate steps to preserve data relevant to the Google Analytics and Google Tag Manager accounts and properties that, based on Google's reasonable investigation, relate to the Kaiser Permanente website, pursuant to a subpoena that Google received in the separate action *Doe et al v. Kaiser Foundation Health Plan, Inc., et al*, No. 3:23-cv-02865-EMC.

**VII.   DISCLOSURES**

The Parties submit that the deadline to exchange initial disclosures should be 21 days after either (1) the Court hears any motion to dismiss filed by Google in response to Plaintiffs' forthcoming SAC; or (2) 21 days after Google otherwise answers the SAC or a consolidated amended complaint. If the Court chooses to grant a stay, then Google's position is that the deadline for any initial disclosures should be stayed as well.

**VIII.   DISCOVERY**

**A.   Scope and Timing of Discovery**

<u>**Plaintiffs' Statement:**</u>

Plaintiff intends to serve discovery on the following topics:

(i)   Google's data systems and outputs, including discovery relating to Google's data architecture, source code, and data outputs of the systems through which Google intercepts, processes, transforms, and stores data collected from Kaiser;

(ii)   Non-data discovery, including Google's knowledge, intent, consent, and statements to the public and healthcare providers, including Kaiser, about the data at issue;

(iii)   Damages, including Google's revenues and profits from the collection and use of the data obtained from Kaiser; the fair market value of the data obtained from Kaiser; the fair market value of health information obtained from; and the benefits Google accrued from its collection and use of the data collected from Kaiser.

As reflected in Plaintiffs' proposed schedule in Section XVI, Plaintiffs anticipate moving for Class Certification in approximately eight (19) months and anticipate completing Class Certification Discovery in approximately (18) months. This would lead to a trial date later than the "12-16 months" time recommended by the Court's standing order. This additional time is warranted because the discovery in this case would likely require extensive time and effort due to the complex nature of this action. Plaintiffs' Class Certification motion will also likely need to be accompanied by several expert reports containing analyses of Google's technology, value of the

1  data at issue, and potential damages. Therefore, Plaintiffs believe that the proposed deadline for
2  Class Certification is reasonable and proportional to the needs of this case.

3     **Google's Statement:**

4     Google believes that it is premature to determine the scope of anticipated discovery, given
5  that Plaintiffs plan to file an amended complaint. As previously discussed, it is Google's position
6  that this action should be dismissed, or consolidated with the *Doe I* Action for all purposes.
7  Plaintiffs' counsel has indicated they support consolidation. Plaintiffs' allegations are
8  substantially the same as those in *Doe I*, and the *Doe I* proposed class subsumes the proposed
9  class in the instant case. Any relevant discovery in this matter, from written discovery, to
10 document collection and production, to depositions, will be largely redundant of the *Doe I*
11 discovery. Because duplicating this discovery and any related motion practice will burden both
12 the Court and Google, discovery for these cases should be consolidated. Alternatively, if the
13 Court does not deem dismissal or consolidation appropriate, Google does not oppose a stay.

14 **B.  Limits on Discovery**

15     **Plaintiffs' Statement:**

16     Plaintiffs do not anticipate an expansion of the presumptive limits under the Federal
17 Rules, but reserve the right to request expanded discovery limits to the Court and/or the
18 Magistrate Judge as needed.

19     **Google's Statement:**

20     This action should be dismissed, or the matters should be consolidated. Should this Court
21 decline to dismiss or consolidate this action with *Doe I*, discovery here should be coordinated
22 with discovery in *Doe I* to avoid duplication of discovery for substantially identical claims.
23 Additionally, the Court should stay any independent discovery in this action until a decision is
24 made on dismissal or consolidation, or until resolution of any motion to dismiss Google may
25 file.Stipulated E-Discovery Order and Protective Order

26     The Parties will file a Stipulated Protective Order and Stipulated Order Re: Discovery of
27 Electronically Stored Information.

28

## IX. CLASS ACTIONS

The Parties and all their attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement:**

Plaintiffs anticipate moving for Class Certification in accordance with the schedule set by the Court. Plaintiffs assert that they will satisfy the requirements for Class Certification because: (1) the members of the Class are so numerous that joinder is impracticable; (2) common questions of law and fact predominate over any individual questions; (3) Plaintiffs' claims are typical of the claims of the Class as all members of the Class were similarly affected by Google' wrongful conduct; (4) Plaintiffs will fairly and adequately protect the interest of Class members and have retained competent and experience counsel; and (5) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable and the expense and burden of individual litigation make it impossible for Class members to individually seek redress for their claims.

With regards to the sequence of summary judgment motions and Class Certification motion, Plaintiffs' position is that any summary judgment motion should take place after the Court has ruled on Plaintiffs' class certification motion. This approach advances judicial economy as it avoids the need to litigate any individual issue that the Court does not certify a class for, if any.

**Google's Statement:**

Google believes this action should be dismissed or consolidated with *Doe I*, as the class sought to be certified here is within the scope of the proposed class in *Doe I*. In any event, Google disputes that Plaintiffs may establish a basis for class certification under Fed. R. Civ. P. 23, or that Plaintiffs will be able to show a class-wide basis for awarding damages. At this time, Google agrees that it would be reasonable for any summary judgment motion to take place after the Court has ruled on Plaintiffs' class certification motion, but Google reserves its right to move for summary judgment before class certification.

## X. RELATED CASES

This matter has been related to *Doe I v. Google*, 3:23-cv-02431-VC, by order dated February 3, 2025. Dkt. 3. The Parties are not presently aware of any further cases meeting the requirements of Civil Local Rule 3-12 as interpreted by courts in this district that have been filed in this Court or any other.

## XI. RELIEF

**Plaintiffs' Statement:**

Plaintiffs seek relief in the form of statutory, actual, compensatory, consequential, punitive, and nominal damages as well as restitution and/or disgorgement of profits Google unlawfully obtained as a result of their conduct. Plaintiffs also seek declaratory and injunctive relief and any other equitable relief the Court deems just and proper. In addition, Plaintiffs seek an aware of pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses.

**Google's Statement:**

Google contends that Plaintiffs are not entitled to any relief from Google and that the operative FAC fails to state a claim upon which relief can be granted. As previously stated, the Parties agree that Plaintiffs should file an amended complaint pleading their allegations only as to Google, and Google contends this matter should be dismissed or consolidated with *Doe I*. At this stage in the litigation, Google is not in a position to describe the bases on which any alleged damages should be calculated in the event liability were to be established (which Google contests). Google does not anticipate filing any counterclaims.

## XII. SETTLEMENT AND ADR

The Parties have met and conferred in compliance with ADR L.R. 3-5 and currently agree that ADR or early settlement would be premature at this time in light of Plaintiffs' plan to file an amended complaint. However, the Parties propose that at the appropriate time, they retain a private mediator and engage in private mediation.

## XIII. OTHER REFERENCES

The Parties agree that this action is not suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Google reserves its rights on the suitability of these mechanisms if facts or circumstances change.

## XIV. NARROWING OF ISSUES

**Plaintiffs' Statement:**

Plaintiffs are not presently aware of any issues that can be narrowed by agreement.

**Google's Statement:**

Google believes that it is premature to discuss the potential narrowing of issues before a SAC has been filed. When a SAC has been filed, and Google is able to fully evaluate Plaintiffs' allegations and claims against Google, the Parties can assess whether any issues may be narrowed or eliminated by agreement or motion.

## XV. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that the case can be handled under an expedited trial procedure.

## XVI. SCHEDULING

**Plaintiffs' Statement:**

Plaintiffs propose the following schedule:

| Case Event | Date |
|---|---|
| Class Certification Discovery Completed | February 4, 2027 |
| Deadline to file Motion for Class Certification and Supporting Expert Reports | March 4, 2027 |
| Last Day to Amend Pleadings | March 4, 2027 |
| Deadline for Opposition to Class Certification, Rebuttal Expert Reports | April 8, 2025 |
| Deadline for Reply in Support of Class Certification, Reply Expert Reports | May 13, 2027 |
| Hearing on Class Certification | June 24, 2027 at 2:00 pm |
| Deadline to file Dispositive Motions | July 29, 2027 |
| Deadline for Opposition to Dispositive Motions and Cross Motions | September 9, 2027 |

| | |
|---|---|
| Deadline for Reply in Support of Dispositive Motions and Opposition to Cross Motions | October 21, 2027 |
| Deadline for Reply in Support of Cross Motions | December 2, 2027 |
| Hearing on Dispositive Motions | January 13, 2028 at 2:00 pm |
| Pretrial Conference | To be determined by the Court |
| Trial Date | To be determined by the Court |

**Google's Statement:**

Google believes this matter should be dismissed or consolidated with *Doe I*. Accordingly, Google proposes the same schedule, which tracks Google's proposed schedule in its joint case management statement in the *Doe I* Action, submitted on July 18, 2025. *See Doe I* Action, Dkt. 209. Alternatively, if the Court does not deem dismissal or consolidation appropriate, Google does not oppose a stay.

| **Case Event** | **Date** |
|---|---|
| Last Day to Amend Pleadings | August 15, 2025 |
| Deadline for Completion of Fact Discovery | August 14, 2026 |
| Deadline for Expert Disclosures | September 15, 2026 |
| Deadline for Rebuttal Expert Disclosures | October 30, 2026 |
| Deadline for Completion of Expert Discovery | November 20, 2026 |
| Deadline to file Motion for Class Certification | December 17, 2026 |
| Deadline for Opposition to Class Certification | January 28, 2027 |
| Deadline for Reply in Support of Class Certification | February 11, 2027 |
| Hearing on Class Certification | February 25, 2027 |
| Deadline to file Dispositive Motions | May 6, 2027 |
| Deadline for Opposition to Dispositive Motions | June 3, 2027 |
| Deadline for Reply | June 24, 2027 |
| Hearing on Dispositive Motions | July 15, 2027 |

| Pretrial Conference | To be determined by the Court |
|---|---|
| Trial Date | To be determined by the Court |

### XVII. TRIAL

**Plaintiffs' Statement:**

Plaintiffs have requested a trial by jury in the FAC and anticipate it lasting ten (10) days.

**Google's Statement:**

Google's position is that it is not possible to estimate the length of the trial before Plaintiffs' SAC is filed and before the resolution of any motion to dismiss.

### XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed their respective "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.

**Plaintiffs' Statement:**

Pursuant to Civil L.R. 3-15, other than the named Plaintiffs, there is no such interest to report.

**Google's Statement:**

Google filed its Corporate Disclosure Statement and Certification of Interested Entities or Persons on July 8, 2024, on the docket for *Newton v. Kaiser*, prior to this action being severed from the *Kaiser* Action. *See Newton v. Kaiser*, No. 3:24-cv-03625-EMC, Dkt. 23. That disclosure reported that Google LLC, XXVI Holdings Inc. (Holding Company of Google LLC), and Alphabet Inc. (Holding Company of XXVI Holdings Inc.), (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. That information is still accurate.

### XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

XIX.     ANY OTHER MATTERS

The Parties are not aware of any other matters that require the Court's attention at this time.

Dated: July 22, 2025                                    **POTTER HANDY, LLP**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ James M. Treglio
　　　　　　　　　　　　　　　　　　　　　　　James M. Treglio, Esq.

　　　　　　　　　　　　　　　　　　　　　　　Mark D. Potter (SBN 166317)
　　　　　　　　　　　　　　　　　　　　　　　mark@potterhandy.com
　　　　　　　　　　　　　　　　　　　　　　　James M. Treglio (SBN 228077)
　　　　　　　　　　　　　　　　　　　　　　　jimt@potterhandy.com
　　　　　　　　　　　　　　　　　　　　　　　100 Pine St., Ste 1250,
　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　　　(858) 375-7385
　　　　　　　　　　　　　　　　　　　　　　　Fax: (888) 422-5191

*Attorneys for Plaintiffs Christopher Newton, Christa Vital, Scott Schutza, on behalf of themselves and all others similarly situated*

Dated: July 22, 2025                                    **COOLEY, LLP**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Benedict Y. Hur
　　　　　　　　　　　　　　　　　　　　　　　Benedict Y. Hur

　　　　　　　　　　　　　　　　　　　　　　　Benedict Y. Hur (SBN 224018)
　　　　　　　　　　　　　　　　　　　　　　　bhur@cooley.com
　　　　　　　　　　　　　　　　　　　　　　　Simona A. Agnolucci (SBN 246943)
　　　　　　　　　　　　　　　　　　　　　　　sagnolucci@willkie.com
　　　　　　　　　　　　　　　　　　　　　　　Eduardo E. Santacana (SBN 281668)
　　　　　　　　　　　　　　　　　　　　　　　esantacana@cooley.com
　　　　　　　　　　　　　　　　　　　　　　　Joshua D. Anderson (SBN 312836)
　　　　　　　　　　　　　　　　　　　　　　　joshua.anderson@cooley.com
　　　　　　　　　　　　　　　　　　　　　　　Isabella McKinley Corbo (SBN 346226)
　　　　　　　　　　　　　　　　　　　　　　　icorbo@cooley.com
　　　　　　　　　　　　　　　　　　　　　　　3 Embarcadero Center, 20th Floor
　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　　　Tel: (415) 693-2000
　　　　　　　　　　　　　　　　　　　　　　　Fax: (415) 693-2222

*Attorneys for Defendant Google LLC*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 22, 2025

                                       /s/ James M. Treglio
                                       James M. Treglio, Esq.